MARY E. DuBOIS, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CHARLES V. DuBOIS, DECEASED, PLAINTIFF-RESPONDENT, v. GEORGE DeFAZIO, DEFENDANT-APPELLANT.

Submitted January 17, 1939—Decided February 4, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant-appellant, *Coult, Satz & Tomlinson* (*DeVoe Tomlinson*).

For the plaintiff-respondent, *Parsons, LaBrecque & Borden* (*Theodore O. Parsons*).

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff. On November 5th, 1936, the late Charles V. DuBois, who for years had been engaged in the real estate business, was injured by the defendant's car while crossing Main street. He instituted the present action, but died before the case could be tried from causes not produced by the accident. The action was continued in the name of the executrix.

Plaintiff's case was tried on the theory that the defendant's car, parked across the reserved lines of the crosswalk, was backed from the curb into Mr. DuBois, no warning having been given, while he was on the crosswalk crossing the street from south to north. The defense offered proofs to show that the car was not parked in part on the crosswalk, and that being backed in proper fashion with due care, under all the circumstances, the deceased walked into the left front of the car which was not on the crosswalk at all.

Two points are argued. First, that there was error in not striking the testimony of the treasurer of the DuBois agency of which the deceased was president. The testimony tended to show that the deceased was in receipt, before the accident, of a salary of $50 a week which was not drawn thereafter because of incapacity. The treasurer testified to these facts. He had drawn some of the checks but not all. He kept the books and made up the accounts from the stubs in the check book. It is urged that the books should have been produced, or the evidence struck as hearsay. The books were not the best evidence so as to exclude the treasurer's parol proof as to the payroll. *Stuart* v. *Burlington County Farmers' Exchange*, 90 *N. J. L.* 584; *Ackerman* v. *Somerset Bus Co., Inc.*, 12 *N. J. Mis. R.* 660. Nor do we regard the proof of the amount of the payroll as hearsay. The treasurer frequently drew the checks and made up the entries in the books. The payroll was undoubtedly not so large that the witness would require records to refresh his recollection with respect thereto.

Second, that the charge was erroneous in that the court charged the third request of the plaintiff, which assumed a material and controverted fact. We think the request was

inartistic, but after the trial judge, who had charged the jury at length that the fact questions must be determined by them from their recollection of the evidence adduced commenced to charge the requests, he further charged them that they must determine for themselves whether the deceased was using the crosswalk. Obviously if he was and they should so find, the charge that: "The defendant, as an automobile driver, owed certain duties to Mr. DuBois, a pedestrian crossing Main street at this walk. The law imposed upon the defendant the duty of using due care to observe whether or not people were crossing at this crosswalk at the street intersection and to use due care to have his car under such control as to not jeopardize the safety of pedestrians who were using due care in crossing"—was not erroneous. Charges must be viewed as a whole, and so viewed it does not seem to us that there was prejudicial error.

The judgment is affirmed, with costs.